**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
(EASTERN DIVISION)**

| | |
|---|---|
| JOSEPH DUDAS, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>SPINNAKER RESORTS, INC.<br><br>        Defendant. | Case No. 20-CV-6008 |

**CLASS ACTION COMPLAINT**

Plaintiff Joseph Dudas (hereinafter referred to as "Plaintiff" or "Mr. Dudas"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### I. PRELIMINARY STATEMENT

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage

1

about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740 (2012).

3. Spinnaker Resorts, Inc. ("Spinnaker Resorts") made telemarketing calls to residential numbers listed on the National Do Not Call Registry, like Mr. Dudas' telephone number, which is prohibited by the TCPA.

4. Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

5. A class action is the best means of obtaining redress for Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## II. PARTIES

6. Plaintiff Joseph Dudas is an Ohio resident, and a resident of this District.

7. Defendant Spinnaker Resorts, Inc. is a Florida corporation with its principal place of business in Hilton Head, South Carolina. Defendant accepts process through Brian Jones, 300 S. Orange Ave., Orlando, FL 32801.

## III. JURISDICTION & VENUE

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9. This Court has jurisdiction over Defendant. Spinnaker Resorts regularly engages in business in this District, including making telemarketing calls into this District and soliciting business from this District for its various resorts.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls to the Plaintiff occurred in this District.

## IV.     THE TELEPHONE CONSUMER PROTECTION ACT

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V.     FACTUAL ALLEGATIONS

15. Spinnaker Resorts has over a dozen time share and vacation destinations throughout the country, including in South Carolina, Florida and Missouri.

16. To generate business, Spinnaker Resorts relies on telemarketing.

3

17. Those telemarketing calls violate the TCPA when they are made to residential consumers on the National Do Not Call Registry.

**A.    The Calls to Mr. Dudas**

18. Mr. Dudas is a "person" as defined by 47 U.S.C. § 153(39).

19. Mr. Dudas' residential telephone number is (614) 361-XXXX.

20. Mr. Dudas listed that telephone number on the National Do Not Call Registry in 2006 and has not removed it from the Registry since that time.

21. Mr. Dudas uses his telephone number for personal, residential, and household purposes.

22. The telephone number is not associated with any business.

23. In or around May 2020, Mr. Dudas received multiple telemarketing calls from Defendant.

24. Mr. Dudas received one such call on May 29, 2020.

25. After receiving multiple calls from Defendant, Mr. Dudas finally spoke with an employee of Spinnaker Resorts.

26. Mr. Dudas asked the Spinnaker Resorts employee why they kept calling him.

27. The Spinnaker Resorts employee explained that Mr. Dudas' telephone number had been referred to them.

28. Mr. Dudas never provided his consent to received telemarketing calls from Defendant.

29. All of the telemarketing calls that Mr. Dudas received from Spinnaker Resorts were made to promote Spinnaker Resorts' services.

30. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during

4

the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

31.    Indeed, other individuals have complained to the Better Business Bureau about getting unsolicited telemarketing calls from Defendant:

> 06/16/2020
> *These people call me non stop.....never done business with them, never asked for info, and I don't know the "friend" they say gave them my information. They keep promising to remove me but they never do. Sick of this stinking harassment. I think someone gave them my info as a joke and it;s a shame that Spinnaker is too stupid to figure that out after I have had to cuss out every sales person who has called me.*
>
> 05/06/2019
> *I am so so tried of this company calling me every 10 days trying to push their product. I have told them time and time again I never requested any information from them and am not interested in their product. I contacted their corporate office and they assured me that they would remove me from their list. Now once again I just had a call from Chris to sell me their product, he refused to give me his last name. Please BBB can you do something bout this.*

*See* https://www.bbb.org/us/sc/hilton-head-island/profile/timeshare-companies/spinnaker-resorts-0403-235955062/customer-reviews#714724587 (last visited November 17, 2020).

## VI.    CLASS ACTION STATEMENT

32.    As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

33.    The class of persons Plaintiff proposes to represent is tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a

5

12-month period, (4) from four years prior the filing of the Complaint to trial.

This is referred to as the "Class".

34. Excluded from the Class are counsel, Defendant, and any entities in which Defendant have a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

35. The Class as defined above are identifiable through phone records and phone number databases.

36. The potential members of the Class number at least in the thousands.

37. Individual joinder of these persons is impracticable.

38. Plaintiff is a member of the Class.

39. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant systematically made multiple telephone calls to members of the Class;

(b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40. Plaintiff's claims are typical of the claims of members of the Class.

41. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the

Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

42. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

43. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Class)

44. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

45. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

46. Defendant's violations were negligent, willful, or knowing.

47. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

48. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls, except for emergency purposes, to numbers on the National Do Not Call Registry in the future.

F. An award to Plaintiff and the Class of damages, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

H. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

## VIII.   DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated: November 20, 2020

        **HANSEN REYNOLDS LLC**

        By: /s/ Michael Lueder
        Michael C. Lueder (Trial Attorney), SBN: 0039450
        301 N. Broadway, Suite 400
        Milwaukee, Wisconsin 53202
        Telephone: (414) 455-7676
        Facsimile: (414) 273-8476
        Email: mlueder@hansenreynolds.com

        **PARONIC LAW, P.C.**

        Anthony I. Paronich
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        Telephone: (508) 221-1510
        anthony@paronichlaw.com
        *Subject to Pro Hac Vice*