IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
(EASTERN DIVISION)

| | |
|---|---|
| JOSEPH DUDAS, individually and on behalf of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPINNAKER RESORTS, INC.,<br><br>Defendant. | Case No.: 20-CV-06008 (MHW) (CMV)<br><br><br><br>Judge Michael H. Watson<br>Magistrate Judge Chelsey M. Vascura |

**DEFENDANT SPINNAKER RESORTS, INC.'S MOTION FOR A PROTECTIVE ORDER TO TEMPORARILY STAY DISCOVERY AND VACATE ALL DEADLINES IN THE NOTICE OF PRELIMINARY PRETRIAL CONFERENCE PENDING A DECISION ON THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK <u>OF PERSONAL JURISDICTION</u>**

Defendant Spinnaker Resorts, Inc. ("Defendant" or "SRI"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c), respectfully moves this Court for an Order staying all discovery and vacating all deadlines in the Court's Notice of Preliminary Pretrial Conference (the "Notice") (ECF No. 13) pending resolution of Defendant's motion to dismiss for lack of personal jurisdiction. In support thereof, Defendant states:

1. This Court has broad discretion to control its docket and the discovery process. *See* Fed. R. Civ. P. 26(c); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This includes the power to limit or stay discovery until preliminary questions which may dispose of the case are answered. *Bangas v. Potter*, 145 Fed. App'x 139, 141 (6th Cir. 2005). Limitations on pretrial discovery may be particularly appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003). In evaluating whether a stay of discovery is

appropriate, the Court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. *Bowens v. Columbus Metro. Library Bd. of Tr.*, No. 2:10-cv-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010).

2. A stay of discovery and vacation of the deadlines in the Notice is appropriate here because the pending motion to dismiss will very likely dispose of this action in its entirety. To conduct costly discovery while the motion is pending would thus be unduly burdensome to Defendant and an inefficient use of party and judicial resources. A temporary stay and vacation of current discovery deadlines would avoid this wasteful exercise and it would not prejudice Plaintiff's prosecution of his case in any significant way.

3. If a stay of discovery is not granted, Defendant also will be put at risk of waiving its personal jurisdiction challenge. Participation in discovery may give Plaintiff the expectation that Defendant will defend the case on the merits or cause the Court to go to wasted effort if the motion to dismiss is granted. *Means v. U.S. Conference of Catholic Bishops*, 836 F.3d 643, 648 (6th Cir. 2016). A stay is therefore necessary to protect Defendant from a risk of waiving its jurisdictional challenge.

4. The additional grounds, citations, and authority for this Motion are contained in the attached memorandum in support, and are incorporated herein by reference.

5. The undersigned counsel has consulted with Plaintiff's counsel to request consent for a stay of discovery and vacation of all deadlines in the Notice, pursuant to S.D. Ohio Civ. R. 7.3. Plaintiff has responded that he will not provide consent for a stay of discovery and vacation of the Notice unless Defendant agrees to third-party jurisdictional discovery. Defendant will not accept this condition because, as explained in the motion to dismiss, there is no basis for the

exercise of personal jurisdiction over Defendant based on any alleged conduct of its wholly-owned subsidiaries or the independent telemarketing vendors hired by the subsidiaries. Accordingly, Defendant files this motion opposed.

6. For all the reasons stated in these submissions, this Court should grant Defendant's motion and enter an Order staying all discovery and vacating the deadlines in the Notice.

Dated: February 19, 2021

                                          Respectfully submitted,

                                          /s/ James H. Gordon
                                          James H. Gordon – Trial Attorney (0068454)
                                          Jeremy Kopp (0090577)
                                          **ANSA ASSUNCAO LLP**
                                          Two Miranova Place, Suite 300
                                          Columbus, Ohio 43215
                                          T: (614) 441-8682/4095
                                          F: (614) 441-4471
                                          james.gordon@ansalaw.com
                                          jeremy.kopp@ansalaw.com

                                                      - and –

                                          Robert A. Assuncao (*pro hac vice*)
                                          Steven F. Gooby (*pro hac vice*)
                                          **ANSA ASSUNCAO LLP**
                                          100 Matawan Road, Suite 410
                                          Matawan, New Jersey  07747
                                          T:  (732) 993-9850
                                          F:  (732) 993-9851
                                          robert.assuncao@ansalaw.com
                                          steven.gooby@ansalaw.com

                                          Attorneys for Defendant
                                          Spinnaker Resorts, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
(EASTERN DIVISION)

| | |
|---|---|
| JOSEPH DUDAS, individually and on behalf of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPINNAKER RESORTS, INC.,<br><br>Defendant. | Case No.: 20-CV-06008 (MHW) (CMV)<br><br><br><br><br>Judge Michael H. Watson<br>Magistrate Judge Chelsey M. Vascura |

**MEMORANDUM IN SUPPORT OF DEFENDANT SPINNAKER RESORTS, INC.'S MOTION FOR A PROTECTIVE ORDER TO TEMPORARILY STAY DISCOVERY AND VACATE ALL DEADLINES IN THE NOTICE OF PRELIMINARY PRETRIAL CONFERENCE PENDING A DECISION ON THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Defendant Spinnaker Resorts, Inc. ("Defendant" or "SRI"), by and through its undersigned counsel, respectfully submits this memorandum in support of its motion for a protective order to temporarily stay discovery and vacate all deadlines in the notice of preliminary pretrial conference pursuant to Federal Rule Civil Procedure 26(c), pending a decision on the motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction.

**I.        STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On November 20, 2020, Plaintiff filed his putative Class Action Complaint against SRI. (ECF No. 1).  Plaintiff's single cause of action is brought under the TCPA, alleging that he received telemarketing calls despite his number being on the national Do Not Call registry.  (*Id.*, ¶¶ 44-48).

On January 12, 2021, Defendant moved to dismiss the Complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).  (ECF No. 8).  Plaintiff responded to the motion on February 2, and Defendant filed a reply on February 16.  (ECF Nos.

12, 14). The motion is fully briefed and awaiting a decision by the Court. If Defendant's motion to dismiss is granted, it would dispose of the entire action. (See ECF Nos. 8, 14).

On February 16, 2021, the Court issued a Notice of Preliminary Pretrial Conference (the "Notice"). (ECF No. 13). In the Notice, the Court (1) scheduled a preliminary pretrial conference on March 2, 2021; and (2) instructed the parties to file a Rule 26(f) report no later than February 23, 2021. (ECF No. 13).

On February 18, 2021, the undersigned counsel met and conferred telephonically with Plaintiff's counsel regarding the filing of a motion for a protective order to temporarily stay discovery and vacate all deadlines in the February 16, 2021 Notice. Plaintiff's counsel stated he would not provide consent unless Defendant agreed to allow third-party jurisdictional discovery. Defendant will not accept this condition because, as explained in the motion to dismiss, there is no basis for the exercise of personal jurisdiction over Defendant based on any alleged conduct of its wholly-owned subsidiaries or the independent telemarketing vendors hired by the subsidiaries. Accordingly, Defendant files this motion opposed.

To date, the parties have not conducted a Rule 26(f) conference or prepared a joint discovery and case management plan, no discovery has taken place, no discovery has been served or is pending, and this Court has not ruled on any motions other than motions seeking leave for counsel to appear *pro hac vice*.

## II.  LEGAL STANDARD

This Court has broad discretion to control its docket and the discovery process. *See* Fed. R. Civ. P. 26(c); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This includes the power to limit or stay discovery until preliminary questions which may dispose of the case are answered. *Bangas v. Potter*, 145 Fed. App'x 139, 141 (6th Cir. 2005). Limitations on pretrial discovery may be particularly appropriate where claims may be dismissed based on legal determinations that could

not have been altered by any further discovery. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003).

In evaluating whether a stay of discovery is appropriate, the Court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. *Bowens v. Columbus Metro. Library Bd. of Tr.*, No. 2:10-cv-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010). Where a stay—rather than a prohibition—of discovery is sought, the burden on the party requesting the stay is less than if it were requesting a total freedom from discovery. *Williamson v. Recovery Ltd. P'ship*, No. 2:06-cv-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010).

### III. ARGUMENT

**THIS COURT SHOULD ENTER A PROTECTIVE ORDER TO STAY DISCOVERY AND VACATE THE DEADLINES IN THE NOTICE PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.**

    **A.    Without a Temporary Stay of Discovery, Defendant and This Court Will Be Needlessly Burdened with the Unnecessary Expenditure of Substantial Time and Resources.**

It would be unduly burdensome for Defendant to proceed with costly discovery while its dispositive motion is pending. *Bowens*, 2010 WL 3719245, at *2. It would also be an inefficient use of party and judicial resources to proceed with discovery and to have to resolve potential discovery issues, which would be mooted if (and very likely when) this Court dismisses this action for lack of personal jurisdiction. *Id.*

    **B.    A Temporary Stay of Discovery Will Not Prejudice Plaintiff.**

Plaintiff will not suffer any significant prejudice if the Court grants a temporary stay and vacates the deadlines in the Notice. *Id.* The motion to dismiss is fully briefed and there is no reason to believe the Court will not rule on Defendant's motion to dismiss in its usual prompt and timely fashion. In addition, Plaintiff's Complaint does not allege facts supporting actual, out-of-

pocket damages—he seeks only statutory damages for the alleged telemarketing calls. And because discovery has not yet started and a scheduling order has not yet been entered by this Court, a temporary stay will not disrupt the orderly progression of the action.

    **C.**    **Defendant Risks a Potential Waiver of Its Personal Jurisdiction Challenge by Participating in the Discovery Process Prior to Resolution of its Motion to Dismiss.**

A defendant may waive a personal jurisdiction challenge if its submissions, appearances, and filings give the plaintiff a reasonable expectation that the defendant will defend the suit on the merits or cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking. *Means v. U.S. Conference of Catholic Bishops*, 836 F.3d 643, 648 (6th Cir. 2016).

Here, Defendant fully intends to preserve its personal jurisdiction challenge. Defendant's willful participation in the pretrial discovery process would undermine this intention. *Means*, 836 F.3d at 648. It would also provide Plaintiff with an expectation that Defendant will defend this action on the merits. *Id.* Further, it would make the Court go to wasted effort to review and evaluate a joint discovery and case management plan, convene a preliminary pretrial conference, and enter a scheduling order if the Court determines that personal jurisdiction is lacking. *Id.* That is especially the case here, where, as Defendant established in its motion to dismiss, two sister federal districts previously dismissed similar actions brought against Defendant at the pleadings stage. (ECF No. 7, at § II.C; ECF Nos. 7-3, 7-4, 7-5, 7-6, 7-7).

    **D.**    **This Court Should Alternatively Reset the Deadlines in the Conference Order to Prevent Inadvertent Violation by the Parties.**

While the Court considers and decides whether to grant the foregoing motion to stay and vacate, and should the Court decide not to stay all discovery during pendency of the motion to dismiss (Defendant argues the Court should so stay and vacate), Defendant respectfully submits that the Court should at least reset the upcoming deadlines and conference date in the Notice. This

4

relief is necessary to prevent the parties from inadvertently violating the deadlines in the Notice and Federal Rule of Civil Procedure 26(f) while awaiting a decision on this motion and the motion to dismiss, and for the sake of judicial and party economy.

## IV.     CONCLUSION

For each of the foregoing reasons, Defendant Spinnaker Resorts, Inc. respectfully requests that this Court enter an Order (1) temporarily staying all discovery, and (2) vacating the February 16, 2021 Notice of Preliminary Pretrial Conference and all deadlines contained therein, until after the Court rules on Defendant's Motion to Dismiss, and for all other relief deemed just and proper.

Dated: February 19, 2021

                                     Respectfully submitted,

                                     /s/ James H. Gordon
                                     James H. Gordon – Trial Attorney (0068454)
                                     Jeremy R. Kopp (0090577)
                                     **ANSA ASSUNCAO, LLP**
                                     Two Miranova Place, Suite 300
                                     Columbus, Ohio 43215
                                     T: (614) 441-8682/4095
                                     F: (614) 441-4471
                                     james.gordon@ansalaw.com
                                     jeremy.kopp@ansalaw.com

                                          - and –

                                   Robert A. Assuncao (*pro hac vice*)
                                   Steven F. Gooby (*pro hac vice*)
                                   **ANSA ASSUNCAO, LLP**
                                   100 Matawan Road, Suite 410
                                   Matawan, New Jersey  07747
                                   T:  (732) 993-9850
                                   F:  (732) 993-9851
                                   robert.assuncao@ansalaw.com
                                   steven.gooby@ansalaw.com

                                   Attorneys for Defendant
                                   Spinnaker Resorts, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2021, the foregoing Motion and Memorandum in Support were served via the CM/ECF filing upon the following:

Michael C. Lueder, Esq.
**HANSEN REYNOLDS LLC**
301 North Broadway, Suite 400
Milwaukee, Wisconsin 53202
T: (414) 455-7676
F: (414) 273-8476
mlueder@hansenreynolds.com

-and-

Anthony Paronich, Esq.
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
T: (508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff*

/s/ James H. Gordon
Attorney for Defendant